UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:08cr170-DPJ-FKB

CASSANDRA FAYE THOMAS

ORDER

This matter is before the Court on several outstanding motions:  Defendant's Motion to

Allow Payment of Attorneys' Fees, Costs and Expenses from Funds Subject to Forfeiture Order

[161], Defendant's Motion to Modify Conditions of Release Pending Appellate Disposition

[166], and the Government's Motion for Forfeiture of Property [174].  Having considered the

submissions of the parties and the relevant authority, the Court rules that Defendant's motions

are denied and the Government's motion is granted.

I.        Factual Background

On April 8, 2011, Defendant Cassandra Faye Thomas was found guilty by a jury of all ten

counts of the Indictment filed in this case.  The Indictment included a notice of forfeiture, and the

Government moved for a preliminary order of forfeiture on August 30, 2011 [91].  The matter

was addressed during a telephonic status conference on September 27, 2011, during which

Thomas requested a stay of the forfeiture issues due to the then pending post-trial motions.

Though the Court indicated that it would grant the requested stay, it instructed Thomas to file a

motion seeking it.  *See* Sept. 27, 2011 Minute Entry.  No motion followed, and Thomas did not

respond to the Government's motion until June 28, 2012 [117].  In her response, Thomas

objected to the forfeiture of funds held in her AmSouth Bank account claiming they were not

traceable to the offense of conviction.  She also requested a hearing, which occurred during the first part of the sentencing hearing on August 6, 2012.

During that hearing, the Court asked Thomas's counsel whether "the statute requires [the Court] to order forfeiture [of the AmSouth Bank account] as substitute property."  Aug. 6, 2012 Tr. [163] at 47–48.  Counsel conceded, "I think that authority is correct."  *Id.* at 48; *see also id.* at 134.  Nevertheless, counsel wanted more time for research.  *Id.* at 135.  The Court then stated that it would docket a preliminary order of forfeiture and would give Defendant "time to make any arguments for modifications."  *Id.* at 137.

The Court entered the Preliminary Order of Forfeiture [149] on August 8, 2012.  That order found that the proceeds contained in three bank accounts, two BankPlus accounts and the AmSouth Bank account, "shall be forfeited to the United States."  *Id.* ¶ 2.  The Order also provided that "Defendant shall have five days from the date of this order to suggest revisions or modifications pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(B)."  *Id.* ¶ 12.  Thomas filed no suggested revisions, and the Court resumed her sentencing hearing on August 17, 2012.

At the conclusion of that hearing, the Court sentenced Thomas to a total term of incarceration of 168 months but permitted her to remain out on bond pending appeal.  As for the forfeiture issue, Thomas's counsel indicated that, after reviewing the Preliminary Forfeiture Order and the applicable law, Defendant "decided not to oppose" the order.  Aug. 17, 2012 Tr. [171] at 2.  The Court therefore announced from the bench:  "The court orders forfeiture as reflected in the preliminary order of forfeiture."  *Id.* at 20.

Following the sentencing, the Court entered its Judgment on August 27, 2012 [152].  The judgment included the following provision related to forfeiture:  "The defendant shall forfeit the

defendant's interest in the following property to the United States: Pursuant to the Order of Forfeiture dated August 8, 2012." *Id.* at 6.

Thomas timely appealed her conviction and sentence [153], and the conviction was affirmed on August 1, 2013. In its opinion, the Fifth Circuit noted that "Thomas [did] not challenge her sentence" on appeal. *United States v. Thomas*, No. 12-60707, slip op. at 4 (5th Cir. Aug. 1, 2013). The pending motions are now ripe for consideration.

II. Analysis

A. Conditions of Release

While her appeal was pending, Thomas filed a motion to modify the terms of her release so that she can (1) seek employment and be allowed to work during normal business hours, (2) travel to Belzoni, Mississippi to visit and care for her mother, (3) to [sic] transport her mother to medical appointments, (4) to [sic] attend school events when her daughter has activities, (5) to [sic] attend church services and (6) to [sic] visit her attorneys.

Mot. [166] ¶ 6. Given that the Fifth Circuit has affirmed her conviction, the Court finds that the motion is moot. Regardless, the Court would deny the request.

B. The Forfeiture Issues

The Government has moved for entry of a Final Order of Forfeiture, and Thomas has moved "for payment of attorneys' fees, costs and expenses from the [forfeited] AmSouth Bank checking account . . . ." Mot. [161] at 1. The issues raised in the motions are somewhat related, so the Court will address them together.

Federal Rule of Criminal Procedure 32.2 governs forfeiture, and provides, in pertinent part:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

    (A) Forfeiture Determination.  As soon as practical after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. . . .

    (B) Evidence and Hearing.  The court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

    (A) Contents of a Specific Order.  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property. . . .

    (B) Timing.  Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

    . . . .

(4) Sentence and Judgment.

    (A) When Final.  At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant.  If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

    (B) Notice and Inclusion in the Judgment.  The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing.  The court must

also include the forfeiture order, directly or by reference, in the judgment .
. . .

(C) Time to Appeal.  The time for the defendant or the government to file
an appeal from the forfeiture order . . . begins to run when judgment is
entered. . . .

. . . .

(c) Ancillary Proceeding; Entering a Final Order of Forfeiture.

(1) In General.  If, as prescribed by statute, a third party files a petition asserting
an interest in the property to be forfeited, the court must conduct an ancillary
proceeding . . . .

. . . .

(2) Entering a Final Order.  When the ancillary proceeding ends, the court must
enter a final order of forfeiture by amending the preliminary order as necessary to
account for any third-party rights.  If no third party files a timely petition, the
preliminary order becomes the final order of forfeiture if the court finds that the
defendant . . . had an interest in the property that is forfeitable under the
applicable statute.

In this case, no third-party petitions were filed.  Thus, contrary to Thomas's argument,

Rule 32.2(c)(2) does not apply, and "the preliminary forfeiture order [became] final as to the

defendant" at sentencing.  Fed. R. Crim. P. 32.2(b)(4)(A).  The Government therefore obtained

"clear title to property that is the subject of the order of forfeiture" once the time for filing third-

party petitions expired.  21 U.S.C. § 853(n)(7); *see U.S. v. Alvarez*, 710 F.3d 565, 567 (5th Cir.

2013) ("If a third party-claim is not raised, 'the United States shall have clear title.'" (citing 21

U.S.C. § 853(n)(7))).

Thomas appears to assert in her Response [175] that her motion "seeking to use a portion

of the funds in the AmSouth account to pay her attorneys' fees" qualifies as a third-party petition

under the Rule.  Def.'s Resp. [175] at 1.  It is hard to imagine how a party to the criminal

proceedings can be viewed as a "third party." In any event, Rule 32.2 and § 853 plainly distinguish between a defendant, who may contest a preliminary order of forfeiture "after the verdict" but before sentencing, and a third party asserting an interest in the forfeited property post-judgment. *Compare* Fed. R. Crim. P. 32.2(b)(1)(B) (providing post-verdict right to object to preliminary forfeiture order), *and* Fed. R. Crim. P. 32.2(b)(4)(A) (establishing that forfeiture becomes final "as to the defendant" [a]t sentencing. . . .), *with* 21 U.S.C. § 853(n)(2) ("Any person, *other than the defendant*, asserting a legal interest in property which has been ordered forfeited. . .may, within thirty days . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." (emphasis added)). And the Notice of Forfeiture made clear that "NEITHER DEFENDANT CASSANDRA FAYE THOMAS NOR HER AGENT ARE ENTITLED TO FILE A PETITION." Notice [150] at 2. To the extent Defendant argues that her motion [161] qualifies as a third-party petition filed on her behalf, there is no such right.

The argument fares no better if viewed as counsel's third-party petition "asserting a legal interest" in the proceeds of the forfeited AmSouth Bank account. 21 U.S.C. § 853(n)(2). As an initial matter, counsel has not submitted a petition "signed by the petitioner under penalty of perjury," as required by 21 U.S.C. § 853(n)(3). But more importantly, Thomas's lawyers fail to establish any recognized legal basis to prevail in an ancillary proceeding.

The grounds for amending an order of forfeiture based on a third-party claim are set forth in 21 U.S.C. § 853(n)(6). As the Fifth Circuit recently explained,

> A third party can prevail in the ancillary proceeding in one of two ways: (1) it can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest *at the time the defendant committed the crime*, 21 U.S.C. § 853(n)(6)(A); or (2) it can establish that it was a bona fide purchaser for value of the property, and, at the time of

6

purchase, had no reason to believe that the property was subject to forfeiture, *id.* at § 853(n)(6)(B).

*United States v. Holy Land Found. for Relief & Dev.*, No. 11-10535, 2013 WL 3197161, at *4 (5th Cir. June 25, 2013) (emphasis added).  Thomas's post-trial counsel obviously fail the first alternative because she retained their services after she was convicted.  Nor can they establish their rights to forfeited funds as bona fide purchasers for value given that, "at the time of purchase"—*i.e.*, when retained by Thomas post-conviction—they were on notice of the possibility of forfeiture due to its inclusion in the indictment.  *See United States v. Timley*, 507 F.3d 1125, 1131 (8th Cir. 2007) ("As the Supreme Court said . . . , 'given the requirement that any assets which the [g]overnment wishes to have forfeited must be specified in the indictment, the only way a lawyer could be a beneficiary of § 853(n)(6)(B) would be to fail to read the indictment of his client.'" (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 632 (1989))).  If Thomas's Reply suggests a third-party claim by counsel, it fails under 21 U.S.C. § 853(n)(6).

The cases Thomas relies upon do not change this result.  *See United States v. Moya-Gomez*, 860 F.2d 706, 730 (7th Cir. 1988); *U.S. v. All Funds on Deposit in, or Transferred to or through, Banc of Am. Account No. 207-0426 held in the name of Jaeggi*, No. CV-05-3971(SJF), 2007 WL 3076952, at *7 (E.D.N.Y. Oct. 17, 2007).  In those cases, the defendants sought release of funds to retain counsel before trial.  The courts noted a potential Sixth Amendment issue, and explained that release could be proper if the defendants made a showing that the disputed funds were not subject to forfeiture.  *Id.*  Those holdings are consistent with *Caplin & Drysdale, Chartered v. United States*, where the Court found no Sixth Amendment right to use funds

subject to forfeiture to pay counsel. 491 U.S. at 626 ("A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney. . . .").

In this case, Thomas cannot show that the AmSouth Bank funds were not forfeitable because that issue has been finally adjudicated. As noted above, Thomas conceded the forfeiture of these very funds when she failed to file an objection to the Preliminary Order of Forfeiture and then expressly waived any such objections during the sentencing hearing. She also failed to appeal the forfeiture judgment in her appeal. It is too late to argue that the AmSouth Bank funds are not subject to forfeiture, and absent such a showing, she was never entitled to use those funds to pay counsel. *Id.*

Finally, the Government has moved for a final order of forfeiture. Given that no third-party claims were filed, and no ancillary proceeding took place under Federal Rule of Criminal Procedure 32.2(c), the Court questions whether a separate final order is necessary. *See* Fed. R. Crim. P. 32.2(b)(4)(A) ("At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant."); *id.* R. 32.2(b)(4)(B) ("The court . . . must include the forfeiture order, directly or by reference, in the judgment . . . ."); *United States v. Bennett*, 423 F.3d 271, 276 (3d Cir. 2005) ("Except in ancillary forfeiture proceedings, . . . a 'final order of forfeiture' that is not part of the judgment of sentence has no effect."). Nevertheless, the Court sees no reason not to enter a final order as requested by the Government, and a separate Final Order of Forfeiture will therefore be entered.

III. Conclusion

For the foregoing reasons, Defendant's Motion to Allow Payment of Attorneys' Fees, Costs and Expenses from Funds Subject to Forfeiture Order [161] is denied; Defendant's Motion

to Modify Conditions of Release Pending Appellate Disposition [166] is moot and otherwise denied; and the Government's Motion for Forfeiture of Property [174] is granted. A separate Final Order of Forfeiture will be entered.

**SO ORDERED AND ADJUDGED** this the 19th day of August, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE